OPINION
Plaintiff-appellant appeals from the December 17, 1998, Judgment Entry of the Canton Municipal Court granting defendant-appellee Erie Insurance Company's Motion for Summary Judgment and denying plaintiff-appellant's Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
On February 29, 1996, appellant was driving a rental car on his way to a sales appointment for Weathershield Home Improvement when he negligently caused a collision with two other vehicles, one operated by Tanya Daniluk and the other by Francis Okey, Jr. Weathershield is the insured under a general liability insurance policy issued by appellee. Pursuant to the terms of the policy, appellee agreed to pay for damages because of personal injury or property damage "for which the law holds anyone we protect responsible and which are covered by your policy." "Anyone we protect" and "insured" are defined in the policy, with limited exceptions that are not applicable, as including Weathershield's employees "while in the course of their employment". On January 21, 1997, Tanya J. Daniluk, filed a complaint for personal injury against appellant and Weathershield, among others, in the Stark County Court of Common Pleas (Case No. 1997CV00347). The next day, Francis L. Okey, Jr. filed a similar complaint against appellant and Weathershield, among others, in the Stark County Court of Common Pleas (Case No. 1997CV000480). Both Daniluk and Okey alleged in their respective complaints that the accident was proximately caused by appellant's negligence and that appellant, at the time of the accident, was an agent or employee of Weathershield who was acting within the course and scope of his agency or employment. Previously, appellant, on or about October 20, 1995, had signed an "Independent Contractor Agreement for Direct Sellers" pursuant to the terms of which he agreed to sell products for Weathershield in exchange for a sales commission. For such reason, Weathershield advised appellee that appellant was not its employee but rather an independent contractor. Appellee, therefore, denied coverage for any of the injuries or damages resulting from the accident and refused to provide a defense for appellant. After being presented with collision and uninsured motorists claims for the damages caused by appellant, on December 11, 1996, State Farm Mutual Automobile Insurance Company, the insurer of the vehicle driven by Tanya J. Daniluk, filed a complaint for declaratory judgment pursuant to R.C. 2721.01 et seq. against appellee, Weathershield, and Daniluk in the Stark County Court of Common Pleas (Case No. 1996CV02643). State Farm, in its complaint, sought a judgment declaring that appellee was responsible for the damages caused by appellant. After State Farm subsequently voluntarily dismissed its complaint, Case Nos. 97CV00347 and 97CV00480 were consolidated. The trial proceedings were, however, bifurcated in such a manner that during the first phase of the trial, the jury would determine whether or not appellant was an employee of Weathershield or an independent contractor. If appellant was found to be a Weathershield employee, appellee would have a duty to defend him in the actions filed by Daniluk and Okey. The same jury would thereafter during the second phase of the trial determine the amount of damages to be awarded to Daniluk and Okey. Appellant was, therefore, forced to retain counsel to defend him in both actions. However, after the jury determined that appellant was an employee and/or agent of Weathershield at the time of the accident, appellee stepped in and defended both appellant and Weathershield during the second phase of the trial. Appellant, on July 7, 1998, filed a complaint for breach of contract against appellee in the Canton Municipal Court, alleging that appellee had wrongfully refused to defend him in the actions brought by Okey and Daniluk. Appellant prayed for judgment against appellee in the amount of $11,390.25, which was the amount of his expenses, including reasonable attorney fees, plus interest and costs. On August 3, 1998, appellee filed an answer. Motions for Summary Judgment were filed by appellant on November 25, 1998, and by appellee on December 7, 1998. Appellant filed a reply brief to appellee's Motion for Summary Judgment on December 10, 1998, and appellee, four days later, filed a reply to appellant's reply brief. A supplemental reply brief was filed by appellant on December 15, 1998. Pursuant to a Judgment Entry filed on December 17, 1998, the trial court granted appellee's Motion for Summary Judgment while denying appellant's Motion and ordered that appellant's complaint be dismissed. It is from the December 17, 1998, Judgment Entry that appellant prosecutes this appeal, raising the following assignments of error:
 1. THE TRIAL COURT ERRONEOUSLY DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT, WHEN MOTORIST MUTUAL INS. CO. V. TRAINOR (1973), 33 Ohio St.2d 41, AND ITS PROGENY ENTITLE APPELLANT TO AN AWARD OF ATTORNEY FEES.
 II. THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW ON THE BASIS OF OHIO'S DECLARATORY JUDGMENT ACT AND DECLARATORY JUDGMENT CASE LAW, WHEN NO DECLARATORY JUDGMENT ACTION WAS INVOLVED.
 I, II
While appellant, in his first assignment of error, argues that the trial court erred in denying his Motion for Summary Judgment, appellant, in his second assignment of error, contends that the trial court erred in granting appellee's Motion for Summary Judgment. We agree. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignments of error. With respect to his first assignment of error, appellant specifically asserts that the trial court erred in denying his Motion for Summary Judgment since he was entitled to an award of attorney fees due to appellee's breach of its duty to defend appellant in the actions filed by Okey and Daniluk. The first issue for determination, therefore, is whether appellee had such a duty to defend appellant. The Ohio Supreme Court, in Motorists Mut. Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41, established a test to determine when an insurance company, under a policy of liability insurance, has a duty to defend an action against an insured. Pursuant to Trainor, if the scope of the allegations contained in the complaint in an action against the insured brings the action within the policy coverage, "the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." Trainor, supra. at paragraph two of the syllabus, approving and following Socony-Vacuum Oil Co. v. Continental Cas. Co. 1945, 144 Ohio St. 382. Similarly, the Ohio Supreme Court in Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177 held in the syllabus as follows: "Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."
The general liability policy issued by appellee to Weathershield provides that appellee "will pay for damages because of personal injury or property damage for which the law holds anyone we protect responsible and which are covered by your policy." The policy further states that employees, with limited exceptions that are not applicable, are insureds while in the course of their employment. Both Okey and Daniluk, in their complaints, alleged that appellant, at the time of the accident, was acting as an agent or employee of Weathershield in the course and scope of his employment. Clearly, the allegations in both complaints state claims which are "potentially or arguably" within the policy coverage. See Willoughby Hills, supra. Appellee, therefore, had a duty to defend appellant in the two actions and failed to carry out that duty. Whether or not appellee, in refusing to provide a defense to appellant, acted in bad faith is irrelevant. See Turner Constr. Co. v. Commercial Union Ins. Co. (1985), 24 Ohio App.3d 1. The next issue for determination is, therefore, whether appellant is entitled to attorney fees due to appellee's failure to provide a defense. When an insurer such as appellee refuses to defend its insured as required by the terms of the insured's policy, the insured may recover from the insurer attorney fees "which the insured incurs in the action brought to enforce the duty to defend and in the defense of the claims for which the duty to defend exists." Blount v. Kennard (1992), 82 Ohio App.3d 613,617. See also Trainor, supra and Willoughby Hills, supra. Due to appellee's breach of its clear legal duty to provide a defense to appellant, and in accordance with Trainor, supra, we find that appellant is entitled to recover reasonable attorney fees incurred by appellant in his own defense from appellee. Like the declaratory judgment action in Trainor, the first phase of the trial in the case sub judice served appellee's sole interest in attempting to show that appellant was an independent contractor and, therefore, not covered under Weathershield's policy with appellee and arose out of appellee's unwillingness to defend appellant in the two negligence actions filed against him when it had a clear duty to do so. Since appellee refused to provide a defense to appellant in the underlying actions, appellant was forced to retain his own counsel. "The rationale behind allowing attorney fees to date in defending the negligence action is that the insured must be put in a position as good as that which he would have occupied if the insurer had performed its duty." Trainor, supra. at 47. By failing to order appellee to pay appellant's attorney fees, the trial court left appellant in a worse position than he would have been in if appellee had performed its duty. Based on the foregoing, we find that the trial court erred in denying appellant's Motion for Summary Judgment since there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Appellant's first assignment of error is, therefore, sustained.
With respect to appellant's second assignment of error, this court finds that the trial court erred in granting appellee's Motion for Summary Judgment. Appellee's motion, which was filed on December 7, 1998, was based entirely on Ohio's Declaratory Judgment Act, R.C. 2721.09 and cases construing such law. However, the declaratory judgment action filed on December 11, 1996, by State Farm Mutual Automobile Insurance against appellee, Weathershield and Tanya J. Daniluk was voluntarily dismissed after the complaints were filed against appellant by Daniluk and Okey. The issue of appellant's status as a Weathershield employee and/or independent contractor was, therefore, not determined by a declaratory judgment action. Thus, the trial court's decision granting appellee's Motion for Summary Judgment on the basis of Ohio's Declaratory Judgment Act was contrary to law. Appellant's second assignment of error is sustained.
The Judgment of the Canton Municipal Court is reversed. This matter is remanded to the Canton Municipal Court for a hearing to determine the amount of attorney fees that appellant is entitled to recover.
By Edwards, J. Wise, P.J. and Farmer, J. concur